_____
MELISSA SOLIS                    )
     Plaintiff,              )
                            )
     v.                    )    Civil Action No.
                            )
RAJ'S DELIVERY ENTERPRISE, LLC,  )    JURY DEMANDED
     Defendant.             )
_____)

## COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff MELISSA SOLIS ("Melissa") in the above numbered and entitled case, complains of RAJ'S DELIVERY ENTERPRISE, LLC ("Defendant" or "Raj's Delivery Enterprise"), Defendant in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

### PARTIES

1. Plaintiff, MELISSA SOLIS is a female citizen of the United States, was employed as a Forklift Operator for RAJ'S DELIVERY ENTERPRISE, LLC during the time-period wherein the present of cause of action accrued. MELISSA SOLIS was employed by RAJ'S DELIVERY ENTERPRISE, LLC from March 16, 2020, to June 5, 2020. MELISSA SOLIS was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964 and at all relevant times was an employee of Defendant.

2. Defendant RAJ'S DELIVERY ENTERPRISE, LLC, is a Texas corporation located in Harris County, Texas. Defendant may be served this lawsuit by serving its registered agent for service of process, Mr. Rawle A. Joseph, at the 6801 Silsbee Street, Houston, TX

77033. Defendant was Plaintiff's employer as understood and defined by Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.,*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff is asserting a cause of action that arises under a federal statute.

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b), (1) because Defendant's principle offices are located in the Southern District of Texas, Houston Division. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b), (2) because a substantial part of the acts or omissions giving rise to the claim occurred within this Judicial District.

## FACTS

6. On or about March 6, 2020, Melissa (Female), applied to work for Raj's Delivery Enterprise.

7. Melissa was interviewed on or about March 9, 2020, at which time Melissa met with Saul Lozano (Male Operations and Safety Manager) and Janet Gunter (Female Warehouse Supervisor).

8. At the time Melissa was hired, Ms. Gunter needed 2 forklift operators. Prior to Melissa being hired, the only two female employees that were working in the warehouse were Ms. Gunter and the owner's wife Ms. Antonia Joseph. Melissa applied for the forklift operator position. Ms. Gunter saw Melissa when she walked out after dropping off her resume and Ms. Gunter asked Mr. Lozano "what position did she apply for?" Mr. Lozano replied, "Forklift Operator." Ms. Gunter asked him if she could see her resume and he handed it to her. After

seeing on her resume that Melissa was very qualified for the forklift operator position, Ms. Gunter turned to Mr. Lozano and told him to hire Melissa. Mr. Lozano replied "No." Ms. Gunter asked Mr. Lozano why and he said because Ms. Solis was a female. Ms. Gunter told him Ms. Solis was a certified forklift operator and she worked in a warehouse. Mr. Lozano replied "No" and that he was going to hire a guy. Mr. Lozano didn't want to hire females because he felt they could not handle certain types of work.

9. A week went by, and Mr. Lozano still had not hired a forklift operator. So, Ms. Gunter went into Mr. Lozano's office and told him to hire Melissa. At this point, Ms. Gunter needed someone badly to operate the forklift in the warehouse. The conversation got heated and Mr. Rawle Joseph (CEO/Owner of Defendant) heard Mr. Lozano and Ms. Gunter arguing and asked what was going on. Ms. Gunter told Mr. Joseph that she wanted Mr. Lozano to hire Melissa. Ms. Gunter told Mr. Joseph to give women a chance to show him that they could do a great job as well. Mr. Joseph turned and looked at Ms. Gunter and asked her if that was what Ms. Gunter wanted and she said yes. Mr. Joseph then told Mr. Lozano to hire Melissa. Mr. Lozano sighed and said Melissa was not his choice and Ms. Gunter replied, "Right its mine, I am the Warehouse Supervisor." Mr. Lozano rolled his eyes and said "whatever."

10. Melissa began her employment with Raj's Delivery Enterprise on or about March 16, 2020.

11. On or about March 20, 2020, Ms. Gunter told Melissa that she was impressed with the way she worked. Ms. Gunter also told Melissa that Mr. Lozano didn't want to hire her because he wanted to hire a guy. Ms. Gunter also told Melissa that she told Mr. Lozano that he shouldn't discriminate and to give Melissa a chance.

12. On or about March 2020, Mr. Lozano made the following comment only to Melissa, "you ever just look at someone and it sends your blood pressure up?" Melissa replied that sounds like hate. When Mr. Lozano would pass by Melissa he would say "blood pressure."

13. On or about the beginning of April 2020, Melissa told Ms. Gunter that she was going to resign because she received a better job offer from another company. That same day, Mr. Joseph told Melissa that he had learnt from Ms. Gunter that Melissa was going to leave Raj's Delivery Enterprise for a better paying job. Mr. Joseph asked Melissa if she minded telling him how much the other company was offering her. Melissa told him that she didn't mind and advised him that the other company was offering her $17.00 an hour. Mr. Joseph replied that he was very pleased with Melissa's work and asked her if she would continue working for Raj's Delivery Enterprise if he raised her hourly rate to $17.00. Melissa accepted Mr. Joseph's offer and continued working for Raj's Delivery Enterprise.

14. On or about mid-April 2020, Melissa noticed that she was being excessively monitored by management compared to the male employees which was very hostile to Melissa. Melissa asked Mr. Lozano if lunch was still 30 minutes, because Melissa noticed that Andre (Male) would take hour-long lunch breaks. Mr. Lozano responded yes and proceeded to roll his eyes when Melissa pointed out to him that Andre took one-hour lunches. However, Melissa had to hurry back from lunch within 30 minutes because Mr. Lozano would watch her like a hawk, but at the same time allowed Andre to have hour-long lunches. This is just one example of several, where Melissa was treated differently than her male coworkers.

15. On or about late April 2020, Melissa was told by Mr. Joseph to get with Mr. Lozano about an extension cord for an upcoming job. Melissa went to Mr. Lozano's office and told him about the extension cord, he looked right at Melissa and started yelling, with his lips quivering as he was yelling at her, with spit coming out of his mouth, veins popping out of his

neck and his face was red. There was no need for him to treat Melissa in this hostile manner. Melissa never saw him treat a male employee in the same or similar hostile manner. Mr. Lozano had a pattern of yelling at Melissa when she was alone with him, but on this day, Ms. Gunter was a witness to his hostilities.

16. On or about the morning of May 14, 2020, at 6:45 am, Melissa said good morning to everyone. Soon after arriving at work, Mr. Lozano confronted Melissa and told her that he needed to talk to her. Melissa said "Ok, what's up?" He immediately started yelling at her. Melissa told him that he needed to stop yelling and that he was spitting in her face. Melissa took about three steps back, but it did her no good as he moved even closer to Melissa. Melissa then put her hands up, pulling her body away to put space between them. Melissa asked him to back off, but his face was so red Melissa thought he was going to hit her. Melissa asked him to calm down, as there was no need for him to be yelling at her. Mr. Lozano only stopped yelling at Melissa when he saw Andre walking up. Mr. Lozano then calmly spoke to Andre. Right in front of Andre, Melissa asked Mr. Lozano "why aren't you yelling at him like you yelled at me?" Mr. Lozano, trying to deflect, said that it was Melissa yelling and not him. Melissa said, "wow you are a liar," to Mr. Lozano, in front of Andre. Mr. Lozano responded, "whatever."

17. On or about the last week of May 2020, Mr. Joseph asked Melissa if she ever considered being Dispatcher. Melissa told him that she had not, but Mr. Joseph replied that he thought Melissa would be good at it. Melissa told Mr. Joseph that she would do it as long as she received training on how to do the dispatcher job. Mr. Joseph replied that Melissa would receive the necessary training for the Dispatcher position the following week. Melissa thanked Mr. Joseph for the promotion. It was Melissa' understanding that the Dispatcher position paid $20.00 an hour. However, Melissa never had a chance to train for her new promotion because Melissa was fired the following week by Mr. Lozano.

18. On or about June 5, 2020, was Melissa's last day of employment with Raj's Delivery Enterprise. On this day, while walking out of Mr. Lozano's office, Melissa asked him how many people does it take to load a truck because he claimed Melissa loaded a truck wrong and he said "two." Melissa replied, "it took two of us to load the truck and one to tell us what needed to be loaded with and you are the one that told us what to load, so why is it that you are firing me!" Mr. Lozano said, "Texas has the right to fire with no explanation." Melissa told him she'd never been late, never turned down working weekends, and never been written up. However, Mr. Lozano just stared at her with a grin on his face. It should also go without notice that the male employee that loaded the truck with Melissa, Andre, was not reprimanded or terminated for the same alleged infraction Melissa was terminated for.

19. Melissa made less mistakes than the male forklift operators that Ms. Gunter supervised at that warehouse. Ms. Gunter never had to counsel or write Melissa up because she did a great job throughout her employment with Defendant. Ms. Gunter never had a problem with Melissa's work performance. Yet these facts did not prevent Defendant from unlawfully terminating Melissa motivated by and/or because of her sex (Female).

20. Melissa, on multiple occasions while employed with Defendant, complained that she was being differently than her similarly situated male coworkers.

21. On information and belief, Melissa asserts that Defendant acted willfully and with malice and in reckless disregard of her rights and welfare.

22. Defendant retaliated against Melissa for opposing unlawful sex discrimination and subjected Plaintiff to a hostile work environment in violation of Title VII.

23. Melissa files this Complaint after exhausting her administrative remedies and satisfying all conditions precedent.

## COUNT I

## TITLE VII – SEX DISCRIMINATION

24. Plaintiff, MELISSA SOLIS, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

25. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.* ("Title VII").

26. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by subjecting Plaintiff to a hostile work environment, failure to promote Plaintiff to the Dispatcher position and terminating Plaintiff.

27. Defendant's adverse employment decisions toward Plaintiff were motivated by and/or because of sex-based considerations.

28. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

29. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference for the federal-protected rights of Plaintiff.

30. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of live and humiliation;

e. Punitive damages;

f. Attorney's fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT II

## TITLE VII – RETALIATION

31. Plaintiff, MELISSA SOLIS, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

32. Defendant retaliated against Plaintiff in violation of Title VII in that Plaintiff's complaints of sex discrimination was a reason for Defendant taking the following adverse actions against Plaintiff: Subjecting Plaintiff to a hostile work environment, failure to promote Plaintiff to the Dispatcher position and terminating Plaintiff.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of live and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

Dated this 22nd day of May 2023

Respectfully submitted,

/S/ Ashok Bail

_____
Ashok Bail
Attorney for Plaintiff

The Bail Law Firm PLLC
3120 Southwest Freeway, Suite 450
Houston, TX 77098
Tel. No. (832) 216-6693
Fax. No. (832) 263-0616
E-mail: ashok@baillawfirm.com
Attorney for Plaintiff